**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2134-19T2

GABRIELLA FALZO,

 Plaintiff-Respondent,

v.

GREENE JUMPERS SOUTH
PLAINFIELD, LLC, RPSZ
CONSTRUCTION, LLC, SKY
ZONE FRANCHISE GROUP, LLC,
SKY ZONE, LLC and SKYZONE
SOUTH PLAINFIELD,

 Defendants,

and

EVERMORE FITNESS, LLC,

 Defendant-Appellant.

_____

    Argued telephonically August 4, 2020 –
    Decided October 7, 2020

    Before Judges Rothstadt and Firko.

    On appeal from the Superior Court of New Jersey, Law
    Division, Middlesex County, Docket No. L-4497-19.

Samuel G. John argued the cause for appellant (Wood Smith Henning & Berman, LLP, attorneys; Kelly A. Waters, of counsel and on the briefs; Jill A. Mucerino and Samuel G. John, on the briefs).

Corey A. Dietz argued the cause for respondent (Brach Eichler, LLC, attorneys; Corey A. Dietz, on the brief).

PER CURIAM

Defendant Evermore Fitness, LLC, the owner and operator of Sky Zone, an indoor trampoline park, appeals from the Law Division's October 9, 2019 order denying defendant's Rule 4:6-2(e) motion to dismiss and to compel arbitration, and from the court's December 24, 2019 order denying defendant's motion for reconsideration. Through its motions, defendant sought to dismiss plaintiff Gabriella Falzo's complaint for damages relating to the personal injuries she sustained while a patron at defendant's facility on January 12, 2019, and to enforce an arbitration clause in a "Participant" agreement signed by plaintiff prior to her entry to the trampoline park.

The arbitration clause, which was by its terms to be governed by New Jersey law, stated, among other things, that the parties would arbitrate "any dispute, claim or controversy arising out of or relating to [plaintiff's] use of the Sky Zone premises . . . ." The provision also stated that the arbitration would be conducted in the county where the Sky Zone facility was located, and any

2

dispute would be determined by one arbitrator. The arbitration was to "be administered by JAMS [formerly known as the Judicial Arbitration and Mediation Service] pursuant to its Rule 16:1 expedited arbitration rules and procedures." Also, the clause contained an acknowledgment by plaintiff that she knew that the "JAMS Arbitration Rules [were] available online for [her] review[.]" However, two years prior to the date that plaintiff signed the agreement, on May 1, 2017, JAMS became ineligible for providing services in New Jersey.

On June 14, 2019, plaintiff filed her complaint alleging negligence and challenging the enforceability of the Participant agreement. Defendant responded by filing its Rule 4:6-2(e) motion to dismiss and to compel arbitration. In opposition, plaintiff argued that the arbitration clause was invalid and impossible to perform because JAMS was barred from participating in an arbitration in New Jersey.

The motion judge heard oral argument on defendant's motion and, on October 9, 2019, he entered an order denying the motion and issued a comprehensive written decision setting forth his reasons. After citing to the Court's opinion in Atalese v. U.S. Legal Services Group, L.P., 219 N.J. 430 (2014) and Kernahan v. Home Warranty Administrator of Florida., Inc., 236 N.J.

301 (2019), the motion judge concluded that the arbitration clause was invalid "because there was no meeting of minds between plaintiff and defendant[] when plaintiff signed the Agreement." The judge concluded that "[s]ince the Agreement expressly provide[d] for JAMS to be the forum for all disputes and since JAMS is not authorized to practice law in New Jersey, there was no meeting of the minds between the parties as to the forum in which the parties agreed to arbitrate." In support of his conclusion, the motion judge cited to our holding in Kleine v. Emeritus at Emerson, 445 N.J. Super. 545 (App. Div. 2016) and found, like the facts of the present case, the parties in Kleine had agreed upon a "forum for arbitration [that] was no longer available," which therefore warranted the reversal of an order compelling arbitration.

Defendant then filed its motion for reconsideration. Defendant's primary argument was that the motion judge erred in concluding that there was no mutual assent to the terms of the arbitration clause. Relying on the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 to 16, the New Jersey Arbitration Act (NJAA), N.J.S.A. 2A:23B-1 to -32 and our opinion in Flanzman, defendant argued that the unavailability of the arbitral forum identified in the arbitration clause did not nullify the parties' obligation to arbitrate claims.

The motion judge considered the parties' oral arguments and, on December 24, 2019, he entered an order—supported by another written statement of reasons—denying defendant's motion for reconsideration. In his written decision, the judge reiterated his denial of the motion to dismiss, finding again that there was no mutual assent to the terms of the arbitration clause. In doing so, the judge specifically addressed defendant's reliance on our opinion in Flanzman, the FAA, the NJAA, and the Third Circuit's opinion in Khan v. Dell Inc., 669 F. 3d 350 (3rd Cir. 2012). The judge also discussed defendant's argument that the facts in this case were distinguishable from those in Kleine.

Responding to defendant's contentions, the motion judge again turned to our holding in Kleine and the Court's opinion in Atalese regarding the creation of binding agreements to arbitrate and concluded again that this matter was "analogous to Kleine." The court further noted that defendant's reliance on the arbitrator selection processes in the FAA and NJAA to cure the failure to designate an arbitral forum was "misplaced," as was its reliance on our opinion in Flanzman, because here the parties' agreement "recognize[d] the principle that the arbitral forum defines the parties' rights at arbitration" and "[s]ince the arbitral forum agreed to by the parties [was] unavailable, the rights that replace

the rights to a jury trial are unknown and there could be no meeting of the minds." This appeal followed.

On appeal, defendant argues that "the unavailability of JAMS is immaterial to the enforceability of the arbitration provision because federal law and New Jersey law require court appointment of an arbitrator" and that "there are no public policy concerns regarding the agreement."

After the parties fully briefed their positions before us, and after we considered their oral arguments, on September 11, 2020, the Supreme Court reversed our holding in <u>Flanzman</u>. <u>See</u> <u>Flanzman v. Jenny Craig, Inc.</u>, __ N.J. __ (2020).[1] In doing so, the Court discussed the distinction between <u>Flanzman</u> and <u>Kleine</u> and described the benefits of parties "identify[ing] a specific arbitrator or arbitrators or agree[ing] to retain an arbitrator affiliated with a given arbitration organization who will apply that organization's rules." <u>Id.</u> at ___ (slip op. at 25).

As it is apparent to us that the motion judge and the parties here relied upon our opinions in <u>Flanzman</u> and <u>Kleine</u>, we conclude that the best course is

---

[1] Also, after our oral argument in this matter, but prior to the Court issuing its opinion in <u>Flanzman</u>, on August 18, 2020, the Court issued an opinion reversing our holding in <u>Skuse v. Pfizer, Inc.</u>, 457 N.J. Super. 539 (App. Div. 2019), <u>rev'd</u>, __ N.J. __ (2020), another case cited to by the motion judge here.

A-2134-19T2

to remand this matter to the motion judge for reconsideration of his orders in light of the Supreme Court's recently issued opinion. The remand should be completed within thirty days and the motion judge shall give the parties the opportunity to file written submissions setting forth their positions on the impact of the Court's opinion in <u>Flanzman</u>, and, if requested, to present oral argument.

By remanding, we do not suggest what the outcome of the remand should be, only that we believe that the parties' and the motion judge's consideration of the issues presented would benefit from the additional guidance provided by the Supreme Court.

Vacated and remanded for further proceedings consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2134-19T2